IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-00107-M

| | |
|---|---|
| WEST SHORE HOME, LLC, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>NEIL WENZ, JACQUELINE WENZ, and )<br>EAST COAST SHOWER AND BATH, )<br>LLC, )<br>  Defendants. ) | **ORDER** |

This matter is before the court on the Plaintiff's Motion to Expedite Discovery [DE-7] and its Motion for Order of Court Directing Preservation of Documents, Software and Things [DE-8]. Both motions were filed on Monday, March 8, 2021, shortly after this court ruled on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [DE-2] filed, along with its Verified Complaint [DE-1], the Friday evening before, March 5, 2021. The court denied the request for a temporary restraining order and set the request for a preliminary injunction for a hearing on Thursday, March 11, 2021, at 10 am [DE-6]. As of this writing, the Defendants have not yet been served with the summons and case opening documents pursuant to Federal Rule of Civil Procedure 4 nor has any attorney noticed an appearance on behalf of the Defendants.

Despite the fact that Plaintiff elected to file its Motion for Preliminary Injunction in conjunction with opening the case and filing its complaint, Plaintiff now avers that certain discovery—including depositions, production of documents, software and things, and other written discovery—is necessary "[i]n order to fully and adequately prepare for the Preliminary Injunction hearing in this case." DE-7 ¶ 3. Additionally, Plaintiff seeks that the "time periods for discovery be shortened and expedited by this Court." *Id.* ¶ 6. As noted, the Defendants have not yet been served with the complaint, let alone been provided an opportunity to respond to this motion, and the hearing on the preliminary injunction has

been set for two days from now. No discovery, no matter how expedited, can feasibly take place before hand. The motion [DE-7] is therefore DENIED.

The Plaintiff's second Motion [DE-8] seeks the preservation of evidence during the pendency of this litigation. "The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) (citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998)). Though the Defendants have not yet been served, they are certainly now on notice of the litigation due to the various motions that have been hand delivered to them, see e.g., DE-2 at 6 (certificate of service), and this court's order setting the matter for a hearing, DE-6. Thus, Defendants' duty to preserve evidence has already been triggered. Furthermore, if it is later determined that there has been the destruction or material alteration of evidence or the failure to properly preserve property, documents, and things for another's use as evidence this would constitute spoliation for which this court can impose sanctions. *Silvestri*, 271 F.3d at 585, 594-95 (affirming the district court's sanction of dismissal of the products-liability action for the spoliation of evidence where Plaintiff failed, before the subject vehicle was repaired, to give Defendant notice of his claim and an opportunity to inspect the vehicle); *see also* Fed. R. Civ. P. 37 (authorizing sanctions for failures to make disclosures, cooperate in discovery, and violations of discovery orders). The motion [DE-8] is therefore DENIED.

SO ORDERED this the 9th day of March, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE