IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-00107-M

WEST SHORE HOME, LLC, )
                             Plaintiff, )
)
v. )
) **ORDER**
NEIL WENZ, JACQUELINE WENZ, and )
EAST COAST SHOWER AND BATH, )
LLC, )
                           Defendants. )

This matter is before the court on the Plaintiff's Motion for Contempt [DE-24]. The Defendants responded in opposition [DE-25] and the Plaintiff replied in further support [DE-29]. The motion is ripe for ruling. For the reasons discussed below, the motion is DENIED.

"To ensure compliance with its orders, a district court has the inherent authority to hold parties in civil contempt." *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018) (citations omitted). The party moving for civil contempt must demonstrate by clear and convincing evidence four elements:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor *by its conduct* violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) . . . that [the] movant suffered harm as a result.

*JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004) (citations omitted) (emphasis added). A district court's decision in this regard is discretionary and the court's "power includes the ability to award damages and attorney's fees to an aggrieved party." *Rainbow*, 887 F.3d at 617 (citation omitted).

The Plaintiff argues that the Defendants should be found to be in civil contempt for violating the express terms of this court's Preliminary Injunction [DE-21] by (1) failing to meet

and confer regarding ECSB's ongoing contracts that may fall within the scope of the Preliminary Injunction and (2) failing to return illegally obtained West Shore property. *See generally* DE-24. In response, the Defendants argue that after a change in counsel was effectuated, Defendants were prepared to share information regarding ECSB's current contracts in an effort to comply with the meet-and-confer obligation but that Plaintiff's counsel responded that these overtures were insufficient to prevent the instant motion from being filed. DE-25 ¶ 4. Furthermore, Defendants reported that they are not in possession of any West Shore products and that all products have been returned. DE-25 ¶¶ 5(d), (f), 9.[1]

The Plaintiff has demonstrated by clear and convincing evidence three of the four elements necessary to successfully move for civil contempt. The existence of the Preliminary Injunction [DE-21], entered in favor of the Plaintiff and against the Defendants after they were afforded an opportunity to be heard [DE-20], establishes that the first and second elements have been met. Plaintiff has also demonstrated the fourth element: the Plaintiff has suffered harm. Preliminary injunctions in general are designed to preserve the status quo during litigation and because of the risk of irreparable harm in the absence of preliminary relief. *J.O.P. v. U.S. Dep't of Homeland Sec.*, 409 F. Supp. 3d 367, 375 (D. Md. 2019). This court issued the Preliminary Injunction because of it found that "West Shore will suffer immediate and irreparable harm if Defendants' misappropriation and use of West Shore's Confidential Information and Trade Secrets are not immediately enjoined." DE-21 ¶ 23. As the Plaintiff correctly points out, without meeting and conferring regarding which of ECSB's current contracts were improperly derived from its use of

---

[1] There was an apparent drop-off of scrap items to a West Shore warehouse in the early morning hours of Thursday, March 18, 2021. *See* DE-29 at 5-6 ("After the filing of West Shore's Motion for Contempt, and in the early morning hours of March 18th, certain items of West Shore were returned to its warehouse. West Shore has security footage in this regard capturing the items being returned at approximately 2:00 a.m. on March 18, 2021.").

2

West Shore's Confidential Information and Trade Secrets, the illegal behavior cannot be meaningfully enjoined. DE-24-7 at 8.

However, the court finds that Plaintiff has failed to demonstrate by clear and convincing evidence that it was Defendants' conduct alone that violated the terms of the Preliminary Injunction. While the Plaintiff contends that the "Defendants have stalled and flatly refused to participate in the meet-and-confer process," DE-24-7 at 8, Defendants assert that they have collected information and are willing to share it with the Plaintiff, DE-25 ¶ 7 ("[T]he undersigned is willing to meet and confer regarding pending contracts. Opposing counsel was advised that the Defendants have provided all contracts, leads, opportunities, and pending contract information to counsel to be able to confer."). While the Plaintiff, in its reply, confirmed that certain items were returned to one of its warehouses, it argues that because these did not include West Shore materials in the Defendants possession photographed by Jacob Peffley (hereinafter "Mr. Peffley") the Defendants have failed to comply with the Preliminary Injunction. DE-29 at 5-6. Meanwhile the Defendants assert that they no longer have any West Shore materials in their possession. DE-25 ¶¶ 5(d), (f), 9. At this juncture the court finds that both parties bear responsibility for the failure to meaningfully meet and confer as required. As for the Plaintiff's other requests for information— such as a customer list and corresponding contract timing, DE-29 at 4, and "what happened to these items [West Shore materials photographed by Mr. Peffley] if they are not currently in Defendants' possession," DE-29 at 6—those can be made during the normal discovery process.

While the court in its discretion has declined to grant the requested relief, it does find that the parties have not meaningfully met and conferred as required regarding ECSB's ongoing contracts that may fall within the scope of the Preliminary Injunction [DE-21]. For this reason, the

3

parties are ORDERED to do so within ten (10) days of entry of this order and file a joint status report to the court confirming their compliance with this order.

SO ORDERED this the 6th day of April, 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE