IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-00107-M

| | |
|---|---|
| WEST SHORE HOME, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| NEIL WENZ, JACQUELINE WENZ, and | ) |
| EAST COAST SHOWER AND BATH, | ) |
| LLC, | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff's Motion for Entry of Default [DE-31]. The Defendants responded in opposition [DE-35] and no reply in further support was filed. The motion is ripe for ruling. For the reasons discussed below, the motion will be denied.

On April 2, 2021, the Clerk of Court issued a Notice [DE-30] directing Plaintiff to proceed in accordance with Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1 to obtain an entry of default after the Defendants' failure to file responsive pleadings or motions within the appropriate time period, which expired on March 29, 2021, see Fed. R. Civ. P. 12(a)(1)(A)(i). On the same day as the Notice was issued, Plaintiff filed the instant motion [DE-31] and Defendants filed their Answer [DE-32] without first moving the court of an extension of time, see Fed. R. Civ. P. 6(b)(1)(B).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). While default judgment may be appropriate where a party is unresponsive, it is generally not when a party

demonstrates an intent to defend. *Id.*; *see* Fed. R. Civ. P. 55, 2007 Amendment ("Acts that show an intent to defend have frequently prevented a default . . . ."); *see also Educ. Servs., Inc. v. Maryland State Bd. for Higher Educ.*, 710 F.2d 170, 176-77 (4th Cir. 1983) (finding no abuse of discretion in the denial of the motion for default judgment where no answer was served as of the time plaintiff moved for default judgment); *Papagianakis v. The Samos*, 186 F.2d 257, 263 (4th Cir. 1950) ("Appellants complain because default judgment was not granted them; but whether such judgment should have been entered or respondents allowed to answer was a matter resting in the sound discretion of the District Judge."). Furthermore, the Fourth Circuit has a strong policy favoring merits-based adjudication. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Here, while Defendants failed to timely answer or otherwise respond to Plaintiff's Complaint, they were not altogether unresponsive. Prior to the filing of the instant motion, Defendants retained attorney Jeffery McMillion, who filed a Notice of Appearance on their behalf on March 10, 2021 [DE-15]. Defendants, through counsel, attended a hearing on Plaintiff's motion for preliminary injunction on March 11, 2021 [DE-20]. Defendants retained new counsel, Jeffrey Leon Dobson, who noticed his appearance on March 17, 2021 [DE-23], and Shawna D. Vasilko, who noticed her appearance on March 18, 2021 [DE-27]. Finally, Defendants responded in opposition to Plaintiff's motion for contempt [DE-25].

The court finds that this clearly demonstrates Defendants' intent to defend. The court, in its discretion, declines to take the drastic measure of rendering a default judgment and instead will

follow the Fourth Circuit's strong policy of deciding cases on the merits. Plaintiff's Motion for Entry of Default [DE-31] is DENIED.

SO ORDERED this the 23 day of April, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE